UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHERRY ANN WILEY | * | CIVIL ACTION |
| VERSUS | * | NO. 21-933 |
| DEPARTMENT OF ENERGY, ET AL. | * | SECTION "M" (2) |

### ORDER AND REASONS

Before me is Plaintiff's Motion for Reconsideration (ECF No. 22) of this Court's Order denying Plaintiff's Motion to Appoint Counsel (ECF No. 19). Having considered the record, the submissions, and the applicable law, Plaintiff's Motion is DENIED for the reasons set forth herein.

**I.  Background**

Plaintiff filed suit against numerous defendants asserting a variety of claims after the denial of her grant requests to the Department of Energy for a business plan that she believes will generate millions of dollars in revenue and profits within 18-24 months,. ECF No. 1. Plaintiff filed two motions seeking counsel, one citing 42 U.S.C. § 2000e-5(f)(1) (ECF No. 4) and the second based on her indigent status (ECF No. 8). This Court thoroughly reviewed her applications and based on applicable law, denied her requests. ECF No. 19. Plaintiff now seeks reconsideration of this Court's Order.

**II.  Law and Analysis**

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1] Under Rule 54(b), "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).

1

than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."² "The general practice of courts in [the Eastern District of Louisiana] has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment," balancing the interests of justice with the need for finality.³ Our court considers four factors in deciding a motion to reconsider under the Rule 59(e) standard: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."⁴ They are not the proper vehicle for rehashing evidence, legal theories, or arguments.⁵ Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.⁶ When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.⁷

---

² *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002); *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion).
³ *See, e.g., Castrillo v. Am. Home Mortg. Serv'g, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009).
⁴ *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
⁵ *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
⁶ *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).
⁷ *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475.

Plaintiff has not established that reconsideration is proper. She presents no new evidence and raises no new arguments; rather, she simply re-urges her indigent status and her lack of legal training. ECF No. 22. As the Fifth Circuit has made clear, a plaintiff, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right."[8] While every civil lawsuit is in some ways complex, not every lawsuit warrants court appointed counsel. "It is only those extraordinarily complex cases that require such extraordinary measures."[9]

Plaintiff failed to establish that this case presents the exceptional circumstances required for the appointment of counsel in a civil case, and nothing in her Motion for Reconsideration alters that conclusion. Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 22) is DENIED.

New Orleans, Louisiana, this __4th__ day of June, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[8] *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).
[9] *LaBranche v. Nestor I LLC*, No. CV 18-8399, 2019 WL 3891555, at *3 (E.D. La. Aug. 19, 2019) (citing *Hudson*, 441 F. App'x at 293).