UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| SHERRY ANN WILEY | * | CIVIL ACTION |
| --- | --- | --- |
| VERSUS | * | NO. 21-933 |
| DEPARTMENT OF ENERGY, ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Plaintiff Sherry Ann Wiley filed a Motion to Recuse to the undersigned United States Magistrate Judge. ECF No. 33. The Honorable Barry W. Ashe referred that motion to the undersigned magistrate judge for determination, in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.1(A).

Having considered the record, the submissions and arguments, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed suit against numerous defendants asserting a variety of claims after the denial of her grant requests to the Department of Energy. *See* ECF No. 1. Plaintiff had submitted a grant request for a business plan that she believes will generate millions of dollars in revenue and profits within 18-24 months. *Id.* at 3. The court has issued summonses (ECF No. 17), but the record does not reflect any returns of service nor has any defendant appeared.

Plaintiff filed an Application to Proceed In Forma Pauperis (ECF No. 5), which the undersigned granted on May 26, 2021. ECF No. 15. Plaintiff filed two Motions to Appoint Counsel (ECF Nos. 4, 8), which the undersigned denied with reasons on June 2, 2021. ECF No. 19. Specifically, the Court held that Plaintiff improperly relied on 42 U.S.C. § 2000e-5(f)(1) because this is not an employment discrimination case, and that she failed to establish exceptional circumstances as required for the appointment of counsel under 28 U.S.C. § 1915(e)(1). *Id.* at 2-

1

4. Plaintiff sought reconsideration of his Court's June 2, 2021 Order (ECF No. 22), which was denied with reasons, noting that Plaintiff presented no new evidence or new argument to justify reconsideration and reiterating applicable law regarding exceptional circumstances required for appointment of counsel in a civil case. ECF No. 25, at 2-3.

On June 10, 2021, Plaintiff filed a request for subpoenas (ECF No. 30), which Judge Ashe referred to the undersigned for determination. ECF No. 31. On June 17, 2021, this Court issued an Order denying without prejudice Plaintiff's motion, with reasons. ECF No. 32. That Order made clear that Plaintiff's request for issuance of subpoenas was procedurally improper and premature insofar as discovery may not proceed before the parties hold the required Rule 26(f) conference. *Id.* at 1; Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Further, as Plaintiff was seeking to issue subpoenas to named parties, from whom she would be entitled to obtain the information sought through Rule 33 Interrogatories and Rule 24 Requests for Production of Documents. ECF No. 32, at 1-2., If she issued subpoenas to named parties rather than using traditional discovery methods, Plaintiff would be required to bear an additional burden and expense to issue subpoenas, despite her *in forma pauperis* status. *Id.*

Plaintiff now seeks to recuse the undersigned because her motion to appoint counsel and request to issue subpoenas were denied. ECF No. 33. Plaintiff contends that the undersigned's decisions "are not based on this case having a fair tr[ia]l." *Id.* at 4. Plaintiff's motion does not cite any statutory basis for the recusal request, nor does she attach any supporting certifications or affidavits to her motion.

II.   **LAW AND ANALYSIS**

The Supreme Court has established an objective standard for recusal when "the likelihood

2

of bias on the part of the judge 'is too high to be constitutionally tolerable.'"[1] "A motion to recuse must be strictly construed for form, timeliness, and sufficiency in order to guard against the danger of frivolous attacks on the orderly process of justice."[2] Motions to recuse judges from district court proceedings can be brought under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455.[3]

Different procedures govern recusals under § 144 and § 455. Under § 144,[4] a party must file a timely and sufficient affidavit regarding the alleged personal bias or prejudice either against him or in favor of any adverse party, which must "state the facts and the reasons for the belief that bias or prejudice exists," and must attach "a certificate of counsel of record stating that [the motion] is made in good faith."[5] Section 455,[6] on the other hand, does not require such an affidavit.

### A. <u>Recusal Under § 144</u>

The filing of a motion to recuse under § 144 does not automatically trigger the appointment

---

[1] *Sanders v. Christwood, L.L.C.*, No. 17-9733, 2020 WL 7417995, at *3 (E.D. La. Dec. 18, 2020) (citing *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1903 (2016) (quoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009))).
[2] *Id.* (citing *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1113 (E.D. La. 1986)).
[3] *Price v. Irons*, No. 19-11451, 2020 WL 3051897, at *2 (E.D. La. June 8, 2020) (citing 13D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3541 (3d ed. Apr. 2020 update)), *aff'd*, 832 F. App'x 904 (5th Cir. 2021).
[4] Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor or any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . . It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.
[5] *Price*, 2020 WL 3051897, at *2 (quotations and citations omitted).
[6] Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) enumerates specific scenarios in which a judge must recuse herself. Under Section 455(b)(1), for instance, a judge must disqualify herself "[w]here[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

of another judge.[7] A "judge must pass on the legal sufficiency of the affidavit"[8] —that is, whether "it alleges facts that, if true, would convince a reasonable person that bias exists"—"but not on the truth of the matters alleged."[9] The recusal decision is "extremely fact intensive and fact bound,"[10] and it is committed to the sound discretion of the court.[11] The preferred procedure is for the judge to whom the motion is directed to determine the sufficiency of the affidavit, rather than transferring the motion to another judge for that preliminary determination.[12] Consequently, this Court will "pass on the sufficiency of the affidavit."[13]

In this case, Plaintiff failed to provide any affidavit at all, much less a legally sufficient one that would convince a reasonable person that bias exists and that such bias is personal, as opposed to judicial, in nature.[14] On that basis alone, under § 144, Plaintiff's motion to recuse must be denied. Even if this Court considered Plaintiff's unsworn statements in her motion as sworn evidence, she has not pointed to facts that would convince a reasonable person that the undersigned

---

[7] *Jackson v. Andrews*, No. 00-2534, 2000 WL 1843514, at *2 (E.D. La. Dec. 14, 2000) (citing *Berger v. United States*, 255 U.S. 22, 32 (1921)).
[8] "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) (citation omitted).
[9] *Price*, 2020 WL 3051897, at *2 (citing *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982)).
[10] *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).
[11] *In re Chevron U.S.A., Inc.*, 121 F.3d 163,165 (5th Cir. 1997); *see also Chitimacha*, 690 F.2d at 1166.
[12] *Price*, 2020 WL 3051897, at *3 (citation omitted); *Chitimacha*, 690 F.2d at 1162 (5th Cir. 1982) ("The challenged judge is most familiar with the alleged bias or conflict of interest. He is in the best position to protect the nonmoving parties from dilatory tactics.").
[13]*Price*, 2020 WL 3051897, at *3 (citing *Patterson*, 335 F.3d at 483).
[14] Plaintiff would appear unable to satisfy § 144's additional requirement that a motion be accompanied by "a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. 144. Numerous courts have held that a *pro se* litigant cannot seek disqualification under § 144 due to her inability to satisfy the plain language of the statute by providing the required certificate of counsel of record. *See, e.g., Price*, 2020 WL 3051897, at *3; *see also McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2021 WL 647376, at *2 (M.D. La. Jan. 28, 2021) (citing *Williams v. Magnolia Café*, No. 18-1020, 2019 WL 7343507, at *2 (M.D. La. Dec. 30, 2019) (finding "recusal under § 144 is not applicable" because "a pro se litigant cannot meet the plain language of the statute requiring 'a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith' "); *Gibson v. Gusman*, No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014) (concluding that "a pro se litigant may not use 28 U.S.C. § 144 as a means to seek recusal"); *Larsen v. "Eleged" Fish & Wildlife Serv. or Outlaws*, No. 04-1919, 2004 WL 1698670, at *1 (E.D. La. July 28, 2004) ("§ 144 is inapplicable in the case of a pro se litigant")).

has any actual personal bias against her or in favor of any defendant. Therefore, she has not met the requirements for recusal under 28 U.S.C. § 144.

## B. Recusal under § 455

Under § 455, a judge or magistrate judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned, or where she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a) & (b)(1). Despite their procedural differences, substantively, a motion to recuse under § 144 and the judge's duty to recuse under § 455 are "'quite similar, if not identical.'"[15]

Recusal under § 455(a) and (b)(1), require the movant to "(1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an 'objective' observer's standard.'"[16] The relevant inquiry is "'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'"[17] To warrant recusal, the alleged bias "must be personal and 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case.'"[18] Information gained through the role as judge in the case cannot be the basis for disqualification.[19] Views that are not extrajudicial—that is, those "formed by the judge on the basis of facts introduced or events

---

[15] *Price*, 2020 WL 3051897, at *2 (citing *United States v. York*, 888 F.2d 1050, 1053 (5th Cir. 1989) (quoting *Chitimacha*, 690 F.2d at 1165)).
[16] *Sanders v. Christwood, L.L.C.,* No. 17-9733, 2020 WL 7417995, at *4 (E.D. La. Dec. 18, 2020) (citing *Casby v. St. Charles Par. Sheriff's Office*, No. 14-1706, 2014 WL 6684947, at *2 (E.D. La. Nov. 25, 2014) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003))).
[17] *Tejero v. Portfolio Recovery Assocs., L.L.C.*, No. 18-50661, 2020 WL 1671558, at *8 (5th Cir. Apr. 6, 2020) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)); *see also Chitimacha*, 690 F.2d at 1165; *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir.1994); *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). For close decisions, "the balance tips in favor of recusal." *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (quotation omitted).
[18] *In re Hipp*, 5 F.3d at 116 n. 24 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *accord United States v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990).
[19] *Barnes*, 909 F.2d at 1072; *United States v. Giorgi*, 840 F.2d 1022, 1035; *Tejero*, 2020 WL 1671558, at *7 (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994))).

occurring in the course of the current proceedings, or of prior proceedings"— "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[20]

A recusal motion under § 455 must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[21] Plaintiff neither articulates any material facts nor provides any evidence that would even suggest that this Court has formed some bias or prejudice as a result of extrajudicial sources that results in an opinion on the merits on any basis other than that learned from participation in the case. Rather, Plaintiff seeks recusal because she disagrees with this Court's finding that she failed to establish exceptional circumstances necessary to support appointment of counsel in a civil case and this Court's ruling denying without prejudice her premature request to begin discovery in contravention of Fed. R. Civ. P. 26(d)(1).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[22] "In the ordinary course, judicial rulings 'are proper grounds for appeal, not for recusal.'"[23] Adverse rulings generally do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[24] Indeed, the Fifth Circuit has repeatedly explained that adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased.[25] These rulings, while adverse, do not reflect a high degree of antagonism as to make fair judgment impossible and do not support a claim of bias.[26] Nor is there any basis for recusal in any of the enumerated provisions of § 455(b).

---

[20] *Tejero*, 2020 WL 1671558, at *7 (quoting *Liteky*, 510 U.S. at 555).
[21] *Capizzo v. State of Louisiana*, No. 99-138, 1999 WL 539439, at *1 (E.D. La. July 22, 1999) (citation omitted).
[22] *Liteky*, 510 U.S. at 555.
[23] *Sanders v. Christwood, L.L.C.*, No. 17-9733, 2020 WL 7417995, at *4 (E.D. La. Dec. 18, 2020) (citing *Liteky*, 510 U.S. at 555; *United States v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997)).
[24] *Liteky*, 510 U.S. at 555.
[25] *United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir.1992); *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986); *In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).
[26] *United States v. Alexander*, 726 F. App'x 262, 263 (5th Cir. 2018) (citing *Liteky*, 510 U.S. 540 at 555).

Plaintiff does not identify any statement made by the undersigned that would indicate any level of impartiality or bias, much less one deriving from an extrajudicial source or revealing the kind of favoritism or antagonism that would make fair judgment impossible. Rather, Plaintiff's motion is premised entirely on this Court's denial of her motion to appoint counsel, which included reasons explaining the basis for that decision, and its denial without prejudice of her procedurally improper and premature request for discovery. Adverse rulings, however, "are not themselves an indication of bias, but are the necessary product of the adversarial process and a judge's role as umpire."[27] Plaintiff has not satisfied the standard for recusal under § 455.

### III. CONCLUSION

Plaintiff's disagreement with this Court's prior decisions is not a proper basis to seek recusal under either 28 U.S.C. § 144 or § 455. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Recuse (ECF No. 33) is DENIED.

New Orleans, Louisiana, this 8th day of July, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[27] *Sanders*, 2020 WL 7417995, at *5.