UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERRY ANN WILEY                                         CIVIL ACTION

VERSUS                                                   NO. 21-933

THE DEPARTMENT OF ENERGY, *et al.*                       SECTION M (2)

## ORDER & REASONS

Before the Court is the motion of defendant Birmingham Police Department ("BPD") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff Sherry Ann Wiley opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion.

### I. BACKGROUND

This case arises from Wiley's claim that her business plan entitled "S.A. Wiley Sustainable Fresh Farmed Fish Hatchery, LLC" was stolen from her.[3] Wiley names as one of many defendants the "Birmingham Police Department: and many of its employees are key participants: Chief, Deputy Chiefs, Headquarters Officers, Lieutenants, Sergeants.  Internal Affairs, Captains, Lieutenants, Sergeants, officers and personnel.  East Lake Police Station, Captain, Lieutenants, Officers and personnel."[4] Wiley seeks one hundred million dollars in damages from BPD.[5] She alleges BPD was part of the vast conspiracy to steal her business plan and that she "was ambushed

---

[1] R. Doc. 121.
[2] R. Doc. 127.
[3] R. Doc. 1 at 3.
[4] *Id.*
[5] *Id.* at 18.

by the Birmingham Police Officers and picked up while I was walking my service dog, Loki and they sent 2 dogs to attack us."[6]

Although not named as separate defendants in her complaint, Wiley filed a motion for entry of default against BPD Internal Affairs, BPD Administration, and BPD Administrative Offices,[7] which this Court denied.[8]  While only BPD is named as a defendant in this case, the Court notes that BPD would ultimately encompass these derivative entities.

## II.     PENDING MOTION

In its motion, BPD argues that it should be dismissed from the case as "[i]t is well settled that a municipal police department in Louisiana is not a legal entity capable of suing, being sued, or standing in judgment, and plaintiff cannot recover against this Defendant as a matter of law."[9] In opposition, Wiley does not respond to this argument.  Instead, she further explains her alleged injuries asserting that BPD, with others, initiated the conspiracy against her, and stating in part: "I was falsely detained and kidnapped March 19, 2020, by the [BPD].  They knew exactly what they were looking for and having access to my business information is what they and UAB Hospital stole, and tried to leave me for dead or as a vegetable for the rest of my life."[10]

## III.    LAW & ANALYSIS

### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

---

[6] *Id.* at 16.
[7] R. Doc. 93 at 1-2.
[8] R. Doc. 99 at 2.
[9] R. Doc. 121-1 at 2.
[10] R. Doc. 127 at 2.

defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying

pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).  Motions to dismiss are disfavored and rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

      A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

B. Analysis

If a party is neither an individual nor a corporation, Rule 17 of the Federal Rules of Civil Procedure states that the "[c]apacity to sue or be sued is determined … by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3).  "Under Louisiana law, 'an entity must qualify as a juridical person to have the capacity to be sued.'" *Dantzler v. Pope*, 2009 WL 959508, at *1 (E.D. La. Apr. 3, 2009) (quoting *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2006)) (footnote omitted).  "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.  "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler*, 2009 WL 959508, at *1.

In Louisiana, police departments are not juridical persons so they cannot be sued. *Abshire v. Crump*, 285 So. 3d 22, 27 (La. App. 2019) ("However, this court has noted that [the police department] is not a legal person capable of being sued."); *Dugas v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 2000) ("[W]e find that the Police Department is not a juridical entity which is separate and distinct from [the city.]"); *Williams v. Houma Police Dep't*, 2020 WL 4808651, at *4 (E.D. La. July 14, 2020) ("For these reasons, federal courts have consistently held that the city police departments in Louisiana lack juridical capacity."); *Whiticar v. New Orleans City*, 2019 WL 4982458, at *2 (E.D. La. Oct. 8, 2019) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."); *Harris v. Mamou Police Dep't*, 2019 WL 4204325, at *2 (W.D. La. Sept. 3, 2019) ("As such, [the police department] is an entity without the 'legal capacity to be a … party to litigation.'") (quoting *Dugas*, 757 So. 2d at 744); *Davis v. Hager*, 2018 WL 3642007, at *2 (E.D. La. Aug. 1, 2018) ("[The police department] is not a juridical person capable of being sued."); *Francois v. City of Gretna*, 2015 WL 846698, at *2 (E.D. La. Feb. 25, 2015) ("It is settled law that the police departments … are

not juridical entities, separate and distinct from the municipality itself, and therefore lack the requisite legal capacity to sue or be sued."); *Winn v. New Orleans City*, 919 F. Supp. 2d 743, 750 (E.D. La. 2013) ("The parties have cited and this Court has found no law that confers upon the [police department] the authority to sue or be sued. In fact, courts in this District have consistently found that the [police department] lacks juridical capacity."). Wiley makes no effort to contradict or distinguish this long line of authority. Because BPD is not capable of being sued, Wiley's claims against the department must be dismissed as a matter of law.

### IV.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the motion of defendant Birmingham Police Department to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (R. Doc. 121) is GRANTED.

IT IS FURTHER ORDERED that Wiley's claims against the Birmingham Police Department are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 26th day of August, 2021.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE