UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRY ANN WILEY | CIVIL ACTION |
| VERSUS | NO. 21-933 |
| THE DEPARTMENT OF ENERGY, *et al.* | SECTION M (2) |

## **ORDER & REASONS**

Before the Court is the motion of defendants Service Corps of Retired Executives Association ("SCORE Association"), Alim Thompson, Paul Bebenek, and Mark Richenderfer (collectively, "SCORE defendants") to dismiss plaintiff's claims against them.[1] Plaintiff Sherry Ann Wiley, proceeding *pro se* and *in forma pauperis*, opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the SCORE defendants' motion to dismiss on the basis of the Court's lack of subject-matter jurisdiction.

**I.   BACKGROUND**

This case arises from Wiley's plan to launch an indoor aquaculture business.[3] In November of 2019, she attended a "Boots to Business" seminar for veterans co-hosted by the SCORE defendants.[4] Seeking the SCORE defendants' help with her business plan, Wiley says she provided them with information about her suppliers, equipment, and funding.[5] Thereafter, the SCORE defendants allegedly "refused" to work with Wiley and instructed her to find resources at

---

[1] R. Doc. 142.
[2] R. Docs. 143; 144.
[3] R. Doc. 1 at 3.
[4] *Id.* at 9.
[5] *Id.*

the public library.[6]  The library staff was unhelpful, purportedly at the SCORE defendants' direction.[7]  Moreover, the SCORE defendants allegedly instructed "every bank" and "everyone [Wiley] spoke with" not to assist with her business plan.[8]

That same month, Wiley's alleged competitor, Atlantic Sapphire, launched its own aquaculture business.[9]  The SCORE defendants allegedly knew of Atlantic Sapphire's business and sold it Wiley's information in furtherance of a governmental conspiracy to steal her business plan.[10]  Wiley alleges that her stolen business plan is now in the hands of an unknown individual, her stalker, whom, according to Wiley, the SCORE defendants think is "brilliant and ingenious."[11]

Wiley filed her lawsuit on May 11, 2021,[12] and added the SCORE defendants in an amended complaint on July 9, 2021.[13]  She asserts against roughly 30 defendants theories of liability, including: (1) conspiracy; (2) fraud; (3) conspiracy to commit fraud; (4) civil rights violations; (5) HIPAA rights and fraud violations; (6) privacy rights violations; (7) identity theft; (8) obstruction of justice; (7) intellectual property theft; (8) collusion; (9) constitutional rights violations; (10) defamation, slander, and libel; (11) kidnapping; (12) Medicaid fraud; (13) Veterans Affairs medical benefits payment fraud; (14) human trafficking; (15) extortion; (16) embezzlement;[14] (17) hate crime; and (18) medical malpractice.[15]  Wiley demands $100 million in damages from each defendant.[16]

---

[6] *Id.*
[7] *Id.*
[8] R. Doc. 143 at 2-3.
[9] R. Doc. 1 at 9-10.
[10] R. Docs. 1 at 10; 142-1 at 11.
[11] R. Doc. 1 at 17.
[12] *Id.* at 1.
[13] R. Doc. 54.
[14] R. Doc. 1 at 1.
[15] R. Doc. 6 at 1-2.
[16] R. Docs. 1 at 17-18; 54.

**II.     PENDING MOTION**

In their motion, the SCORE defendants argue that Wiley's claims should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure – specifically, Rule 12(b)(1) for lack of subject-matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[17] In addition, the SCORE defendants contend that 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) requires dismissal of Wiley's *in forma pauperis* pleadings when, as here, a plaintiff's claims are "factually frivolous, lack any factual basis, and are meritless."[18]  In the alternative, the SCORE defendants argue that they have sovereign immunity under the Federal Tort Claims Act ("FTCA"), which bars Wiley from asserting claims against them.[19]  Finally, the SCORE defendants request an award of attorneys' fees and costs from Wiley.[20]

In opposition, Wiley simply reiterates the assertions made in her complaint, namely, that the SCORE defendants, in concert with others named in the complaint, harassed her, discriminated against her, and refused to assist her with her business idea.[21]

**III.    LAW & ANALYSIS**

  **A. Rule 12(b)(1) Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject-matter jurisdiction.  "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate' the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer*

---

[17] R. Doc. 142 at 2.
[18] *Id.*
[19] *Id.* (citing 28 U.S.C. § 1346).
[20] *Id.*
[21] R. Docs.143 at 1-3; 144 at 1-2; *see also* R. Doc. 1 at 9.

*Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)).  The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 235 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Proc. 12(h)(3).  And, if a court does so under Rule 12(b)(1), it must do so without prejudice. *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456-57 (5th Cir. 2013) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it.  Our precedent does not sanction the practice ...."); *see also OnPath Fed. Credit Union v. U.S. Dep't of Treasury, Cmty. Dev. Fin. Institutions Fund*, 2020 WL 5749166, at *2 (E.D. La. Sept. 25, 2020).

**B. Lack of federal question or diversity subject-matter jurisdiction**

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions," as here, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161; *see also Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994); *Residents of Gordon Plaza, Inc. v. Cantrell*, 2020 WL 6503618, at *3 (E.D. La. Nov. 5, 2020).  Accordingly, the Court will first address the SCORE defendants' challenge to

subject-matter jurisdiction. The SCORE defendants contend that the Court does not have subject-matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.[22] Wiley does not expressly plead jurisdiction under either statute.[23] Nevertheless, the Court will analyze both statutes to determine whether the allegations in the complaint invoke federal jurisdiction.

### 1. Federal question jurisdiction

Under 28 U.S.C. § 1331, a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule instructs that "[a] federal question exists 'only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)) (alteration omitted). Federal question "arising under" jurisdiction is largely invoked by plaintiffs pleading a cause of action created by federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2007). However, in "rare" circumstances, original jurisdiction also arises in the absence of a pleaded federal cause of action where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 319; *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006) (describing *Grable* original jurisdiction cases as a "special and small category"). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or

---

[22] R. Doc. 142-1 at 8.
[23] *See* R. Doc. 1 at 1-2.

5

otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. Cty. of Oneida*, 414 U.S. 661, 666 (1974)).

The SCORE defendants argue that "[i]t is clear from the face of [Wiley's] allegations that she has failed to establish federal question jurisdiction against [them]."[24] Wiley's constitutional and civil rights claims are vague, broad, conclusory, and without any factual support, say the SCORE defendants, and are "clearly out of the realm of reality and require dismissal."[25] Wiley responds that none of her allegations is unsubstantiated and that "[e]verything can and will be proven when we get to court and after [she is] able to file [her] subpoenas."[26] She contends that "what makes this a federal case" is that the SCORE Association is "a federal agency,"[27] which, along with its employees, "is not supposed to discriminate against anyone."[28]

After a thorough examination of the complaint, the Court concludes that Wiley's complaint offers no basis for federal question jurisdiction.[29] "[T]he party invoking federal subject matter jurisdiction cannot satisfy their burden by conclusory allegations alone." *Fairley v. Ford*, 2018 WL 11355030, at *2 (W.D. Tex. Jan. 24, 2018) (citing *Larremore v. Lykes Bros. Inc.*, 454 F. App'x 305, 307 (5th Cir. 2011); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)), *aff'd*, 731 F. App'x 356 (5th Cir. 2018). Thus, a plaintiff cannot establish subject-matter jurisdiction based on conclusory allegations void of any factual support, and Wiley provides no factual allegations to support her claim of a far-flung conspiracy to steal her business plan and,

---

[24] R. Doc. 142-1 at 11.
[25] *Id.* (quoting *Smith v. Osborn*, 2019 WL 4383337, at *3 (E.D. Tex. Aug 18, 2019)) (internal quotation marks omitted).
[26] R. Doc. 144 at 2.
[27] *Id.* Although Wiley characterizes the SCORE Association as a federal agency in her opposition, she includes no factual allegations in her complaint to support this assertion, and the Court doubts she could do so. *See* SCORE, https://www.score.org/about-score (last visited Sept. 17, 2021).
[28] R. Doc. 144 at 2 (emphasis omitted).
[29] *See* R. Doc. 1 at 1.

particularly, any conduct of the SCORE defendants that could be actionable.[30]  The allegations Wiley does make provide no factual predicate and do not rationally support such a claim.[31]  Notwithstanding Wiley's assertion of supposed federal claims in her complaint,[32] it is unclear from her vague, conclusory, unsupported, and often fanciful allegations how she understands the SCORE defendants to have violated specific federal laws or constitutional rights or that her right to relief necessarily depends on resolution of a substantial question of federal law.  The Court has read Wiley's *pro se* filing liberally, as required, but it cannot "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009).  Accordingly, the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1331.

2.  **Diversity jurisdiction**

Pursuant to § 1332, a federal court may exercise diversity subject-matter jurisdiction "over a civil action between citizens of different States if the amount in controversy exceeds $75,000." *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016).  There must be complete diversity between the parties, meaning that no plaintiff may be a "citizen of the same State as any defendant." *Id.* at 136.  Moreover, "[t]he amount in controversy must be either facially apparent or established by a preponderance of the evidence." *Albe v. Lenter*, 2019 WL 95468, at *2 (E.D. La. Jan. 3, 2019) (citing *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003)).  A

---

[30] In support of her conspiracy claim, Wiley argues that the SCORE defendants' "actions, location of their office, the back and forth from all the emails including the administration for the Birmingham U.S. SBA employees ... speak on their collusion and conspiring motives with the U.S. SBA and the person who applied and received my 2 federal million dollar grants under mine and my business name." R. Doc. 144 at 1.  Wiley, however, fails to allege any collusive actions on the part of the SCORE defendants.  Her ambiguous assertion alone, especially as made in an opposition memorandum rather than in a complaint, is insufficient factual basis.

[31] The SCORE defendants list the five purported instances of their misconduct that Wiley alleges. R. Doc. 142-1 at 6-7.  None of the five constitutes a reasonable factual predicate as would permit the Court to conclude that Wiley's claim of a conspiracy to steal her business plan is plausible.

[32] *See, e.g.*, R. Doc. 1 at 1 (claiming a "constitutional rights violation" without more).

7

plaintiff must "distinctly and affirmatively" allege the basis for diversity jurisdiction. *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020). Failure to do so "mandates dismissal." *Id.*; *see also Payton v. Bizal*, 2021 WL 430688, at *3 (E.D. La. Feb. 8, 2021).

The SCORE defendants argue that Wiley's complaint does not establish diversity of citizenship between the parties and her claim for $100 million in damages is "speculative at best" and thus insufficient to meet the amount-in-controversy requirement.[33] They argue that Wiley fails to allege facts as would show that: (1) her allegedly stolen business plan was worth anything, let alone $100 million; or (2) any other basis for claiming damages of $100 million.[34] In response, Wiley indirectly mentions that the SCORE defendants have an office in Alabama, but she fails to identify any factual allegations in her complaint that would establish the SCORE defendants' citizenship or her own.[35] Nor do her opposition memoranda address the basis for the amount of damages she claims or provide a valuation of her company or her business plan.[36] Her bare, conclusory assertion that her "business has the potential of making $1 billion dollars in the first 18-24 months, without a doubt, [and] will be able to meet millions within this time frame [because of] [t]he way [she] planned on doing it," without more, is insufficient to meet the requirement.[37]

---

[33] R. Doc. 142-1 at 8-9.
[34] *Id.*
[35] R. Doc. 143 at 1. Wiley fails to allege whether the SCORE Association is a corporate or non-corporate entity for citizenship purposes and fails to provide facts sufficient to establish the citizenship of the association. R. Docs. 1; 143; 144. To be sure, Wiley supplies few facts to establish her own citizenship. R. Doc. 1 at 14 ("I relocated from Alabama June 24, 2020 arriving in Louisiana June 24, 2020 at 10 p.m."); *id.* at 11 ("The DOE OIG knows exactly who the one/main person who is literally stalking my every move from Alabama to Louisiana and is prolonging this investigation in the hopes I'll forget about it, because they think he's brilliant."); *but see* R. Doc. 1 at 9 ("I'm from Ohio and had only been in Alabama for 3 months at [the time of the Boots to Business seminar]. I had relocated from Hawaii."). She did file a brief statement regarding residency, in which she alleged that her Louisiana residency began June 25, 2020, the day she entered Louisiana and stayed in a hotel in the state. R. Doc. 101 at 1. In addition, Wiley filed a motion requesting that the Court take judicial notice of her moving records, which was denied. R. Docs. 112; 117. Regardless, the Court need not consider the statement in establishing her citizenship because in weighing subject-matter jurisdiction, it should only look to: (1) the complaint; (2) the complaint and undisputed facts in the record; or (3) the complaint, undisputed facts, and a court's resolution of those undisputed facts. *See Ramming*, 281 F.3d at 161. Wiley's complaint and any undisputed facts in the record fail to establish the SCORE defendants' citizenship or her own.
[36] *See* R. Docs. 143, 144.
[37] R. Doc. 1 at 3.

Wiley provides no grounds for the Court to conclude that her claims can satisfy the $75,000 amount-in-controversy requirement, supplying no factual support for her $100 million demand.[38] Again, vague and conclusory allegations cannot satisfy a plaintiff's burden to show the requisite amount in controversy for purposes of invoking diversity jurisdiction. *Allen*, 63 F.3d at 1336. Wiley's assertions concerning the value of her claims are indeed speculative and woefully insufficient to support the Court's subject-matter jurisdiction. Despite the Court construing her pleadings liberally, "*pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law." *Bowling v. Roach*, 816 F. App'x 901, 903 (5th Cir. 2020) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)), *cert. denied*, 141 S. Ct. 2466 (2021). Thus, because Wiley has failed to establish the requisites for diversity jurisdiction, this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332.

## IV.   CONCLUSION

Plaintiff's failure to establish the Court's subject-matter jurisdiction over her claims mandates dismissal. Lacking jurisdiction, the Court will refrain from analyzing the SCORE defendants' other arguments.[39] Accordingly, for the foregoing reasons,

---

[38] *See* R. Docs. 143, 144.

[39] *See* R. Doc. 142 at 2. The SCORE defendants' emphasis on the alleged far-fetched and speculative nature of the complaint also calls into question Wiley's standing. To have standing to sue in federal court, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Wiley's claims do not appear to satisfy the first and second requirements.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). To establish that the injury is fairly traceable "requires something more than conjecture ('The Exxon complex in Baytown emits pollutants, and I live in Baytown') but less than certainty ('I was outside the Baytown complex on November 15, between 1:00 and 5:00 pm, at which time hydrogen sulfide was emitted, and I recall my throat feeling sore even though it did not feel sore earlier in the day')." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 368 (5th Cir. 2020).

The SCORE defendants' contention that Wiley's claims are "bizarre conspiracy theories" that "rest[] on truly fanciful factual allegations" evidences that Wiley might not be able to establish the first two requisites for standing. *See* R. Doc. 142-1 at 11 (quoting *Vastauro v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)) (emphasis omitted). It could be that Wiley's "grandiose" and "delusional" claims are too conjectural or hypothetical, rather than concrete and actual, to sufficiently establish injury in fact as would confer standing. *See id.* at 15. Moreover, it is unclear

IT IS ORDERED that the SCORE defendants' motion to dismiss (R. Doc. 142) is GRANTED, and plaintiff's claims against them are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 29th day of September, 2021.

                                                                            BARRY W. ASHE
                                                                            UNITED STATES DISTRICT JUDGE

---

whether Wiley's injury, a stolen business plan currently in the hands of an unknown individual, is fairly traceable to the SCORE defendants' alleged refusal to work with her on said plan or the unsupported charge that they sold her information to a named competitor, Atlantic Sapphire. Because the Court dismisses Wiley's claims against the SCORE defendants on a ground that they have raised, namely, lack of subject-matter jurisdiction, it need not resolve the questions concerning Wiley's standing.